**NOT FOR PUBLICATION**

**FILED**

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JITENDER SINGH, | No. 18-73310 |
| Petitioner, | Agency No. A205-935-854 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2021
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and ROSENTHAL,** District Judge.

Jitender Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ)

denial of Singh's applications for asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

the Convention Against Torture (CAT).

We have jurisdiction under 8 U.S.C. § 1252. The agency's legal conclusions are reviewed de novo. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the agency's factual findings for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review means that we must uphold a factual finding if it is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

At his immigration court merits hearing, Singh testified to two incidents of persecution by Sikhs because of Singh's membership in a religious group, Dera Sacha Sauda (DSS). The IJ found that, because of inconsistencies in Singh's testimony about the two incidents, Singh had not testified credibly and thus could not meet his burden of proof for obtaining asylum and withholding of removal. The IJ also found that Singh did not meet his burden of proof for obtaining CAT relief. Because we conclude that these findings are supported by substantial evidence, we deny Singh's petition for review.

Singh applied for relief after May 11, 2005 so the REAL ID Act's adverse credibility standards guide our review. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Even a single inconsistency may be sufficient to uphold an adverse credibility determination.

2

*See Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011) ("[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence.") (citation omitted).

Substantial evidence supports Singh's adverse credibility determination. The IJ identified four discrepancies in Singh's testimony, application, and written statements: whether Sikhs entered Singh's family home during a sermon or during dinner in the first incident; how many times Singh fled to his relative's home; whether Singh was slapped by Sikhs, the police, or not at all in the second incident; and whether Singh's parents were beaten with hockey sticks during the second incident. The first two discrepancies are minor. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (finding that the fact that the petitioner provided a date for an incident of persecution, while his sister submitted a letter dating the event one year earlier, was an "utterly trivial inconsistency" that, "under the total circumstances," had "no bearing on a petitioner's veracity."); *see also Singh v. Ashcroft*, 362 F.3d 1164, 1170–72 (2004).

However, the other two discrepancies—whether Singh was slapped at all, and if so, by whom, and whether Singh's parents were beaten by Sikhs with hockey sticks during the second incident—are not. *See Rizk*, 629 F.3d at 1090–91 (finding that discrepancies which went to the heart of the petitioners' claim were substantial evidence supporting an adverse credibility determination); *see also*

3

*Shrestha,* 590 F.3d at 1043 (noting that under the REAL ID Act, inconsistencies no longer must go to the heart of the matter). These are specific, cogent reasons that support the IJ's credibility determination. *See Shrestha*, 590 F.3d at 1044 (holding that adverse credibility determinations must be based on "specific and cogent reasons" supported by "specific instances in the record that support a conclusion that the factor undermines credibility.").

Singh argues that the BIA should have reversed the IJ's credibility findings because he offered plausible explanations for the discrepancies, and because in some cases the discrepancies lessened rather than enhanced the harms he claims he suffered. However, the IJ was not required to accept Singh's explanations for the discrepancies. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014) (noting an IJ is not required to accept even a plausible interpretation for an inconsistency, and a court may only overturn an IJ's adverse credibility finding when the evidence not only supports a contrary conclusion but "compels" it). Singh's explanations for these inconsistencies do not "compel" the conclusion that he testified credibly. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)). Singh's application for asylum was based on his testimony that the IJ found was not credible so Singh did not meet his burden to prove he is eligible for asylum.

Because Singh did not meet his burden to prove he is eligible for asylum, he has also not met the higher burden required for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

An adverse credibility finding does not foreclose Singh's CAT claim, *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001), but he has not presented sufficient evidence to compel reversal of the BIA's conclusions. The BIA noted Singh did not point to record evidence "that would establish, independent of his non-credible testimony, that he is more likely than not to be tortured in India." The IJ concluded that, while Singh submitted evidence of religiously motivated violence in India, there was no evidence that identified DSS members as particularly at risk of violence or torture. Moreover, the evidence proved that the police regularly intervene to protect DSS members. The IJ thus concluded that the record contained no evidence that Singh faced an individualized threat as opposed to a generalized fear of violence. Singh has not identified record evidence that contradicts the IJ's analysis of the country conditions evidence. We therefore conclude that substantial evidence supports the denial of CAT relief.

**DENIED.**